[Cite as *State v. McIntoush*, 2024-Ohio-2284.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                          Court of Appeals No.    WD-22-070

       Appellee                               Trial Court No.  2021CR0452

v.

Javen S. McIntoush                            **DECISION AND JUDGMENT**

       Appellant                              Decided:  June 13, 2024

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Chief Assistant Prosecuting Attorney, for appellee.

Jeffrey P. Nunnari, for appellant.

* * * * *

**ZMUDA, J.**

{¶ 1} Appellant, Javen McIntoush, appeals the November 30, 2022 judgment of the Wood County Court of Common Pleas convicting him of two counts of felonious assault with forfeiture specifications and sentencing him to a prison term of four to six years for the first count and a prison term of four years for the second count to be served consecutively for a minimum of eight years and a maximum of ten years.  For the reasons that follow, we affirm.

## I. Background

{¶ 2} On September 15, 2021, appellant was indicted on one count of aggravated robbery in violation of R.C. 2911.01(A)(1) and 2911.01(C), a first-degree felony; two counts of attempted murder in violation of R.C. 2923.02, 2903.02(B), 2903.02(D), and 2929.02(B), a first-degree felony; and two counts of felonious assault in violation of R.C. 2903.11(A)(2) and 2903.11(D)(1)(a), a second-degree felony. Each count included a three-year firearm specification under R.C. 2941.145(A) and a specification for forfeiture of a weapon under 2941.1417(A). In addition, appellant was charged with one count of theft in violation of R.C. 2913.02(A)(1) and 2913.02(B)(2), a felony of the fifth degree.

{¶ 3} The charges arose out of an incident in a parking lot outside of a bar in Bowling Green, Ohio in the early hours of August 1, 2021. After an altercation involving a pair of glasses, appellant shot his handgun twice at I.S. and J.P., though he did not hit either of them. J.P. returned fire, grazing appellant's head.

{¶ 4} On September 26, 2022, appellant entered a guilty plea to two counts of felonious assault, both with forfeiture specifications, in exchange for the dismissal of the remaining charges against him. At the plea hearing, the state represented that if the case had gone to trial, both J.P. and I.S. would have testified that appellant had fired "a round at [J.P.] as well as [I.S.] with – using a handgun, causing or attempt to cause physical harm to both [J.P.] as well as [I.S.]." No further statements regarding the events giving rise to the charges were stated on the record at the time the plea was entered. The trial court accepted appellant's guilty plea and set the case for sentencing after ordering a presentence investigation (PSI).

2.

{¶ 5} The PSI contained a recitation of the police investigation in the August 1, 2022 incident and the appellant's version of the events. No victim statements, however, were included in the PSI. According to the PSI, both Shaffer and Parrish were questioned by officers from the Bowling Green Police Department at their station shortly after the incident, but no injuries or other observations of the victims' conditions were noted. The PSI further states that although Shaffer and Parrish were mailed victim impact statements, the statements were returned as unable to forward.

{¶ 6} Appellant appeared for sentencing on November 28, 2022. The transcript does not indicate that either victim appeared at the hearing. Appellant apologized on the record to the victims "for any trauma [he] may have caused," recognizing that he "could have seriously harmed or killed someone." The state presented general concerns for public safety, asserting that appellant had several firearm charges in Lucas County with incident dates of June 10, 2021, August 29, 2021, and September 8, 2021, all of which were close in time to the August 1, 2021 incident at issue in this case. At the time of the August 1, 2021 incident, appellant was on electronic monitoring as a condition of his bond in a case pending in Lucas County Court of Common Pleas concerning the June 2021 incident. Appellant also had been released from a youth treatment facility just months before the August 1, 2021 incident.

{¶ 7} The trial court imposed a prison term of four to six years for one count of felonious assault with forfeiture specification and four years[1] for the second count of

---

[1] Neither party challenged the length of either sentence.

3.

felonious assault with forfeiture specification and ordered appellant to forfeit his handgun. Before sentencing appellant to prison, the trial court reviewed the appellant's criminal history as follows:

> I think it was touched on, but you are a very young individual but you have a very significant criminal history considering your age, and that dates back to the time you were a juvenile. All of these convictions and charges are related to violence and guns. And at least from what the Court has in front of it, you show no signs of slowing down your criminal behavior. You were, in fact, released from the youth treatment center in June of 2021 and you committed this offense less than two months after your release, and since then you've committed other felonies in Lucas County with which you were just previously sentenced for, and those do also involve a firearm. It appears that the only way to protect the public is to keep you incarcerated for a period of time.

{¶ 8} The trial court next ordered appellant's prison terms to be served consecutively for a minimum of eight years and a maximum of ten years, making the following findings:

> The Court finds that consecutive sentencing is necessary to protect the public from future crime and to punish the defendant. The Court also finds that the consecutive sentences are not disproportionate to the seriousness of the defendant's conduct and the danger that he poses to the public. The Court also finds that at least two of the multiple offenses were committed as part of one or more courses of conduct and that the harm caused by two or more of the multiple offenses is so great or unusual that no single prison term for any of the offenses committed as part of the courses of conduct adequately reflect the seriousness of the defendant's conduct.

At the time of his sentencing, appellant was already serving a sentence for a conviction in Lucas County, and the trial court also ordered that his sentences be served consecutively with the sentence issued in the Lucas County conviction as well, pursuant to R.C. 2929.14(C)(4).

4.

**{¶ 9}** The sentencing entry included similar language, as follows:

The Court then reviewed the seriousness and recidivism factors and considered that the defendant was adjudicated a delinquent child; the defendant has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child; and the defendant has a history of criminal convictions. The Court further notes that all of the defendant's convictions and charges related to violence or weapons; the defendant was released from the Department of Youth Services in June of 2021 and committed this offense in August of 2021; and after this offense was committed the defendant committed multiple firearm related offenses in Lucas County.

**{¶ 10}** After ordering prison terms, the trial court's sentencing entry continued by ordering the terms to be served consecutively as follows:

The Court finds that consecutive sentencing is necessary to protect the public from future crime and to punish the defendant. The Court also finds that the consecutive sentences are not disproportionate to the seriousness of the defendant's conduct and the danger that he poses to the public. The Court also finds that at least two of the multiple offenses were committed as part of one or more courses of conduct and that the harm caused by two or more of the multiple offenses is so great or unusual that no single prison term for any of the offenses committed as part of the courses of conduct adequately reflect the seriousness of the defendant's conduct.

**{¶ 11}** Appellant asserts the following assignment of error for our review:

Appellant's consecutive sentences are contrary to law.

## II. Law and Analysis

**{¶ 12}** Appellant argues his sentences are contrary to law because the trial court's findings about his consecutive sentences in this case as well as his sentence from Lucas County Common Pleas Court[2] were not supported by the record. Appellant points

---

[2] Although appellant argues that none of his sentences should be consecutive, he does not make any arguments specific to the sentence from his Lucas County Common Pleas conviction.

specifically to the trial court's finding that his offenses caused great or unusual harm, arguing that the record contained nothing to support that finding.

{¶ 13} The state responds that consecutive sentences were supported by the record because appellant shot at two victims, which could have killed them, appellant has a history of gun violence, and appellant himself conceded that he could have seriously injured or killed someone. The state also contends that the record also supported findings under R.C. 2929.14(C)(4)(a) and (c).

{¶ 14} We review a challenge to consecutive sentences under R.C. 2953.08(G)(2). *State v. Goings*, 2014-Ohio-2322, ¶ 20 (6th Dist.). In a plurality decision, *State v. Gwynne*, 2023-Ohio-3851 ("*Gwynne V*"), vacating *State v. Gwynne*, 2022-Ohio-4607 ("*Gwynne IV*"), the Ohio Supreme Court vacated its earlier decision holding that an appellate court must conduct a de novo review of consecutive sentences and consider the aggregate sentence imposed.[3] Instead, the lead opinion in *Gwynne V* explained that R.C. 2953.08(G)(2) requires an appellate court to give deference to a sentencing court's findings in support of consecutive sentences. *Id*. at ¶ 15.

{¶ 15} R.C. 2953.08(G)(2) provides that an appellate court may only increase, reduce, or otherwise modify consecutive sentences if the record does not "'clearly and convincingly' support the trial court's R.C. 2929.14(C)(4) consecutive sentence findings." *Id*. at ¶ 13. "Clear and convincing evidence" is "'that measure or degree of

---

[3] At the time this case was briefed, *Gwynne V* had not been released. However, because neither party argued a de novo review was appropriate nor that the trial court failed to consider the aggregate sentence, nothing in this case warrants supplemental briefs based on *Gwynne V*.

6.

proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id*. at ¶ 14, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. The lead opinion concluded that an appellate court "must have a firm belief or conviction that the record does not support the trial court's findings before it may increase, reduce, or otherwise modify consecutive sentences." *Id*. at ¶ 15.

{¶ 16} To impose consecutive sentences, a trial court must make certain findings in both the sentencing hearing and in the sentencing entry.[4] R.C. 2929.14(C)(4). *See also State v. Bonnell*, 2014-Ohio-3177, syllabus*; State v. Sipperley*, 2020-Ohio-4609, ¶ 14 (6th Dist.). The trial court must find: (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) one or more of the findings listed in R.C. 2929.14(C)(4)(a), (b), or (c). *State v. Beasley*, 2018-Ohio-493, ¶ 252.

---

[4] A trial court may order an offender to serve sentences within the same case consecutively as well as consecutively with a sentence imposed by another court. *State v. Bates*, 2008-Ohio-1983, ¶ 19. The same requirements for a trial court to impose consecutive sentences within a case apply to consecutive sentences from two different cases, and a trial court need not make a separate set of findings. *See State v. Jarmon*, 2018-Ohio-4710, ¶ 12.

7.

{¶ 17} The potential findings in R.C. 2929.14(C)(4)(a), (b), and (c) are as follows:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 18} A trial court need not explain its reasoning for its findings as long as the record contains some evidence to support the trial court's findings. *Bonnell* at ¶ 29. Further, the trial court is not required to "give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Id.*

{¶ 19} Indeed, the Ohio Supreme Court recently held that a trial court made findings to support consecutive sentences under R.C. 2929.14(C)(4) in the sentencing hearing despite never expressly citing the code subsection nor quoting the statutory language. *State v. Jones*, Slip Opinion No. 2024-Ohio-1083, ¶ 15-16. In that case, like in this case, the trial court discussed the appellant's criminal history during the sentencing hearing. In *Jones*, the trial court pointed out that the defendant, at 37 years old, had 36 arrest cycles and had "done the same crimes over and over again," and found consecutive sentences were "necessary to protect the public from future crime." *Id*. at ¶ 8.

8.

Accordingly, the Eighth District held that the trial court made a finding under R.C. 2929.14(C)(4)(c).[5]  *Id*. at ¶ 14.  However, because the trial court's sentencing entry did not incorporate the finding, the Eighth District remanded to the trial court for a nunc pro tunc order incorporating the court's findings under R.C. 2929.14(C)(4)(c).  *Id*. at ¶ 9.  In affirming the Eighth District's judgment, the Ohio Supreme Court explained, "the trial court's detailed statement about Jones's criminal history evinces a finding that his 'history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by [him].'"  *Id*. at ¶ 16, quoting R.C. 2929.14(C)(4)(c).

{¶ 20} Here, appellant does not challenge that the trial court properly made the first two findings under R.C. 2929.14(C)(4) that consecutive sentences are necessary to protect the public from future crime or to punish the offender and consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.  Instead, appellant argues that the record contains no evidence to support a finding that appellant's course of conduct caused great or unusual harm under R.C. 2929.14(C)(4)(b).

{¶ 21} Among the three potential findings set forth in R.C. 2929.19(C)(4)(a), (b), and (c), the trial court here only quoted the language from R.C. 2929.19(C)(4)(b) during both the sentencing hearing and in its sentencing entry.  However, during the sentencing hearing, the trial court made findings under R.C. 2929.19(C)(4)(c).  The court discussed appellant's "very significant criminal history considering [his] age," observing that his

---

[5] The trial court also made a finding under R.C. 2929.14(C)(4)(b), but that finding was not at issue in the resulting appeal.  *State v. Jones*, Slip Opinion No. 2024-Ohio-1083.

9.

entire criminal history "related to violence and guns" and he "show[ed] no signs of slowing down [his] criminal behavior." The trial court also noted that appellant had committed the offenses in this case shortly after being released from a youth detention center and had committed multiple additional firearm-related offenses after the offenses in this case. The trial court found that "the only way to protect the public [was] to keep [appellant] incarcerated for a period of time." Similarly, in the sentencing entry, the trial court referred to appellant's "history of criminal convictions," all of which "related to violence or weapons," and pointed to the multiple firearm-related offenses appellant committed after the offenses in this case. In both the sentencing hearing and the sentencing entry, the trial court concluded that "consecutive sentencing is necessary to protect the public from future crime and to punish the defendant."

{¶ 22} Applying the deferential standard in R.C. 2953.08(G)(2), we cannot say the record does not clearly and convincingly support the sentencing court's findings or that the sentence is otherwise contrary to law. Although the trial court did not expressly cite R.C. 2929.14(C)(4)(c) in ordering consecutive sentences, "the trial court's detailed statement about [appellant's] criminal history evinces a finding that his 'history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by [him].'" *State v. Jones*, Slip Opinion No. 2024-Ohio-1083, ¶ 16. Having found that the trial court made appropriate findings under R.C. 2929.14(C)(4)(c), we need not address whether the record supports the trial court's findings under R.C. 2929.14(C)(4)(b). *See State v. Gonzales*, 2020-Ohio-4495, ¶ 46 (6th Dist.).

10.

**{¶ 23}** Because appellant has not demonstrated that the record clearly and convincingly does not support the trial court's imposition of consecutive sentences, appellant's assignment of error is overruled.

### III.  Conclusion

**{¶ 24}** Appellant's assignment of error is overruled.  We therefore affirm the November 30, 2022 judgment of the Wood County Court of Common Pleas.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.            _____

                                                        JUDGE

Gene A. Zmuda, J.           

Myron C. Duhart, J.            _____
CONCUR.                                                   JUDGE

                                                  _____
                                                  JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.