**[Cite as *State v. Walls*, 2024-Ohio-2413.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No.  L-23-1125

      Appellee                                     Trial Court No.  CR0202202080

v.

Lawrence Walls                                   **DECISION AND JUDGMENT**

      Appellant                                     Decided:  June 25, 2024

\* \* \* \* \*

Julia R. Bates, Lucas County Prosecuting Attorney, and
Angela M. Zavac, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

\* \* \* \* \*

**DUHART, J.**

**{¶ 1}** This case is before the court on appeal by appellant, Lawrence Walls, from

the judgment of the Lucas County Court of Common Pleas e-journalized on May 19, 2023.

For the reasons that follow, we affirm the decision of the trial court.

**Assignment of Error**

THE IMPOSITION OF CONSECUTIVE SENTENCES WAS NOT

SUPPORTED BY CLEAR AND CONVINCING EVIDENCE IN THE

RECORD.

**Background**

{¶ 2} On June 30, 2022, appellant was indicted on: trafficking in cocaine, in violation of R.C. 2925.03(A)(2) and (C)(4)(f), a felony of the first degree (Count 1); possession of cocaine, in violation of R.C. 2925.11(A) and (C)(4)(e), a felony of the first degree (Count 2); trafficking in a fentanyl-related compound, in violation of R.C. 2925.03(A)(2) and (C)(9)(e), a felony of the first degree (Count 3); possession of a fentanyl-related compound, in violation of R.C. 2925.11(A), (C)(11) and (C)(11)(d), a felony of the second degree (Count 4); and, breaking and entering, in violation of R.C. 2911.13(A) and (C), a felony of the fifth degree (Count 5).

{¶ 3} On April 18, 2023, appellant entered pleas of guilty to Count 2, the lesser included offense of possession of cocaine, in violation of R.C. 2925.11(A), (C)(4)(c), a felony of the third degree, and to Count 3, the lesser included offense of trafficking in a fentanyl-related compound in violation of R.C. 2925.03(A)(2) and (C)(9)(d), a felony of the third degree. The remaining counts were to be nollied at sentencing.

{¶ 4} The trial court accepted appellant's pleas, found him guilty of Counts 2 and 3, and ordered a presentence investigation and report.

{¶ 5} Appellant appeared for sentencing on May 18, 2023. Prior to the imposition of sentence, appellant's attorney spoke. He pointed out that nine character letters were written on appellant's behalf and that the majority of appellant's prior criminal convictions were "rather old" and "the only drug related charge he had was a Misdemeanor charge dating back to 1989." He informed the court that his client is in

2.

"terrible physical health," suffering from "sleep apnea, degenerative disk in his lower back, sciatica nerve damage, arthritis in his hips, seizures and nerve damage in his eyes," and additionally has "a history of mental health diagnoses including depression, anxiety and bipolar disorder." He further argued that his "client's involvement [in the crimes] was rather limited overall," but stated that appellant "takes responsibility that he should not have been selling drugs" out of co-defendants' home with the co-defendants. Appellant's attorney also noted that appellant had two jobs, was supporting his family, and had recently suffered the loss of his mother and his aunt, and counsel asserted that prison would affect appellant's ability to work and to support his family.

{¶ 6} The trial court then sentenced appellant to a term of 24 months in prison as to Count 2, and a term of 24 months in prison as to Count 3. These were ordered to be served consecutively, for a total stated prison term of 48 months.

{¶ 7} In explaining the sentence, the trial court first acknowledged appellant's "extensive network of support in the community." However, the trial court noted that appellant also had "an extensive criminal history" including "3 Juvenile Felony adjudications, 12 Adult Misdemeanor Convictions and 7 prior adult Felony Convictions," including 5 adult felony convictions of violence. The court also observed that appellant had "been incarcerated previously, [and was] presently on Federal probation, for a weapons conviction with a pending violation."

{¶ 8} With respect to the consecutive sentences, the court found that "consecutive sentences are necessary to protect the public from future crime or to punish the Defendant and are not disproportionate to the seriousness of the Defendant's conduct or the danger

3.

the Defendant poses to the public." The court further found that appellant was under a federal community control sanction with a pending violation, and that "Defendant's criminal history requires consecutive sentences with 12 prior adult Misdemeanors and 7 prior adult Felony convictions."

{¶ 9} Those same findings were reflected in the judgment entry memorializing the sentence.

{¶ 10} Appellant appealed.

## Standard of Review

{¶ 11} We review felony sentences under R.C. 2953.08(G)(2). *State v. Purley*, 2022-Ohio-2524, ¶ 8. R.C. 2953.08(G)(2) allows an appellate court to increase, reduce, or otherwise modify a sentence, or vacate the sentence and remand for resentencing if the court finds by clear and convincing evidence that either of the following apply: (1) "the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code" or (2) "the sentence is otherwise contrary to law." Here, we consider whether the record does not support the trial court's findings under R.C. 2929.14(C)(4).

## R.C. 2929.14(C)(4)

{¶ 12} Pursuant to R.C. 2929.41(A), "a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or

4.

sentence of imprisonment" unless an applicable exception applies. The exception at issue in the present case is found in R.C. 2929.14(C)(4), which reads as follows:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 13} A trial court imposing consecutive sentences must make these findings at the sentencing hearing and incorporate them into its sentencing entry, but is not obligated to state reasons supporting its findings. *State v. Bonnell*, 2014-Ohio-3177, syllabus.

**Analysis**

{¶ 14} In his sole assignment of error, appellant asserts that the imposition of consecutive sentences was not supported by clear and convincing evidence in the record. Appellant argues that his record "of largely non-drug related offenses, with only one prior drug-related misdemeanor" does not present clear and convincing evidence that consecutive sentences are required. He suggests that he would be a candidate for a drug treatment program.

{¶ 15} Appellee counters that the record fully supports consecutive sentences.

{¶ 16} We note that both parties rely upon the standard for review of consecutive sentences as set forth in the Ohio Supreme Court case of *State v. Gwynne,* Slip Opinion No. 2022-Ohio-4607 ("*Gwynne IV*"). In that case, the court concluded that the "evidentiary standard for changing the trial court's order of consecutive sentences is not deference to the trial court; the evidentiary standard is that the appellate court, upon a de novo review of the record and the findings, has a 'firm belief' or 'conviction' that the findings—the criteria mandated by the legislature to be met before the exception to concurrent sentences can apply—are not supported by the evidence in the record." (Emphasis deleted.) *Id*. at ¶ 23. However, after briefing was completed, the Ohio

6.

Supreme Court reconsidered, and vacated *Gwynne IV*.[1] *State v. Gwynne*, Slip Opinion No. 2023-Ohio-3851 ("*Gwynne V*"). In *Gwynne V*, the supreme court held that de novo review is contrary to the statutory language. *Id*. at ¶ 16. Instead, the court pointed to the language in R.C. 2953.08(G)(2) that an appellate court may only increase, reduce, or otherwise modify consecutive sentences if the record does not "'clearly and convincingly' support the trial court's R.C. 2929.14(C)(4) consecutive sentence findings." *Id*. at ¶ 13. The court defined "clear and convincing evidence" as "'that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id*. at ¶ 14, quoting *Cross v. Ledford*, 161 Ohio St. 469, (1954), paragraph three of the syllabus. The court then directed an appellate court that "it must have a firm belief or conviction that the record does not support the trial court's findings before it may increase, reduce, or otherwise modify consecutive sentences." *Id*. at ¶ 15.

{¶ 17} Here, the trial court made the findings required by R.C. 2929.14(C)(4) both at the sentencing hearing and in its judgment entry. As we cannot state a "firm belief or

---

[1] On November 6, 2023, we allowed the parties to file supplemental briefs "addressing the impact of the decision, if any on this case." The state did not file a supplemental brief. Although appellant made attempts to supplement his brief, we found that these attempts did not comply with our November 6, 2023 order, and thus have not considered any supplemental filings.

7.

conviction" that the trial court's findings are not supported by the record, we find

appellant's assignment of error not-well taken.

{¶ 18} The judgment of the Lucas County Court of Common Pleas is affirmed.

Pursuant to App.R. 24, appellant is hereby ordered to pay the costs incurred on appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.

Myron C. Duhart, J.                              _____
                                                      JUDGE

Charles E. Sulek, P.J.
CONCUR.                                        _____
                                                      JUDGE

Gene A. Zmuda, J.
CONCURS IN JUDGMENT
ONLY, AND WRITES                             _____
SEPARATELY                                      JUDGE

**ZMUDA, J.**

{¶ 19} While I agree with the majority affirming the trial court's judgment, I must

respectfully concur in the judgment only based on the analysis set forth in *State v.*

*McIntoush*, 2024-Ohio-2284 (6th Dist.) regarding appellate review of consecutive

sentences.

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.