[Cite as *State v. Buck*, 2024-Ohio-4718.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No.  L-23-1239

　　　　Appellee                         Trial Court No.  CR0202301100

v.

Allen J. Buck                              **DECISION AND JUDGMENT**

　　　　Appellant                        Decided:  September 27, 2024

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Karin L. Coble, for appellant.

* * * * *

**OSOWIK, J.**

**{¶ 1}** This is an appeal from the judgment by the Lucas County Court of Common

Pleas, General Division, which sentenced appellant, Allen J. Buck, to a total prison term

of 252 months, of which 120 months are mandatory, for 16 felonies of sexually-related

offenses, after the trial court accepted appellant's guilty pleas and convicted him of those

offenses. For the reasons set forth below, this court affirms the trial court's judgment.

## I. Background

{¶ 2} The following facts are relevant to this appeal. On January 19, 2023, a Lucas County Grand Jury issued indictments against the 21-year-old appellant for 20 offenses: 14 counts of importuning, violations of R.C. 2907.07(D)(1) and 2907.07(F)(1), and fourth-degree felonies under R.C. 2907.07(F)(3); five counts of pandering obscenity, violations of R.C. 2907.32(A)(2), and fourth-degree felonies under R.C. 2907.32(C); and one count of pandering sexually oriented matter involving a minor or impaired person, a violation of R.C. 2907.322(A)(5), and a fourth-degree felony under R.C. 2907.322(C). Appellee, state of Ohio, alleged that previously on July 24, 2020, appellant was convicted of a sexually-oriented offense, attempted pandering obscenity, a violation of R.C. 2923.02 and 2907.32(A)(2) and (C). That victim was a minor child, and appellant completed his sanction for that offense in 2021. Then within one year, between August 17 and September 7, 2022, on at least 20 occasions appellant knowingly possessed material showing a minor engaging in sexual activity, displayed for public viewing or sale obscene material (which included his genitalia), and used Facebook to solicit sexual activity with the victim who he knew was only 13 years old.

{¶ 3} After initially pleading not guilty to the charges, appellant changed his plea on August 7, 2023. Appellant pled guilty to 16 of the 20 indicted offenses, where appellee agreed to dismiss the last four of the 14 importuning offenses and to not seek an indictment for an additional 25 violations of importuning by appellant to the victim documented in the Facebook messages. Following the plea colloquy, the trial court

2.

accepted appellant's guilty pleas as knowingly, intelligently, and voluntarily made, and found appellant guilty of those 16 offenses. The trial court ordered a presentence investigation report. During the presentence investigation, appellant stated that had the 13-year-old victim accepted his sexual advances, he would have had sex with the minor. Appellant claimed the victim provoked him. At sentencing, appellee called that an appalling lack of accountability.

{¶ 4} The trial court sentenced appellant on September 18, 2023, to serve the following prison terms consecutively under R.C. 2929.14(C)(4): 12 months for pandering sexually oriented matter involving a minor or impaired person; 12 months for each of the five pandering obscenity offenses; and 18 months, of which 12 months is mandatory, for each of the 10 importuning offenses. The total period of incarceration is 252 months of which 120 months are mandatory, among other matters imposed at sentencing.

{¶ 5} In reaching its sentencing decision, the trial court identified the psychological harm the victim suffered from receiving the numerous, unwanted, and obscene communications from appellant. The trial court "found that the defendant's . . . relationship with the victim facilitated the offense[s], which is more serious." The trial court then determined appellant continued to be a threat to the community, especially to minor children, because he committed these offenses despite a recent conviction and sentence for a previous sexually-oriented offense towards a minor child. The trial court continued:

3.

The Court finds that consecutive sentences are necessary to protect the public from future crime and to punish the defendant and [are] not disproportionate to the seriousness of the defendant's conduct or the danger he poses. These offenses were committed as part of one or more courses of conduct, and the harm caused was so great or unusual that no single prison term of any of the offenses committed as part of the course of conduct adequately reflects the seriousness of the defendant's conduct. And although his criminal history is limited, that history clearly requires, for these types of offenses, consecutive sentences are necessary.

{¶ 6} Appellant timely appealed setting forth one assignment of error: "Mr. Buck's sentence is clearly and convincingly not supported by the record."

## II. Consecutive, Felony Sentences

{¶ 7} In support of his assignment of error, appellant admits his sentence is not contrary to law under R.C. 2953.08(G)(2)(b), and he is not challenging the validity of his 16 guilty pleas. Rather, appellant "humbly requests this Court re-consider his sentence as too lengthy given the statutory guidelines and the record." Appellant argues the record lacks clear and convincing evidence to support the findings under R.C. 2953.08(G)(2)(a) because the trial court had discretion under R.C. 2929.13(B)(1)(b)(iv) to impose prison terms for the 16 convictions. Appellee further argues his consecutive sentences should be reversed because there is no evidence of "great or unusual harm," and the total term of incarceration is disproportionate to the 16 fourth-degree felony offenses.

4.

**{¶ 8}** In response, appellee argues, citing *State v. Gwynne*, 2023-Ohio-3851, that the felony sentence findings under R.C. 2953.08 must be made on appellate review of a consecutive sentence. Appellee further argues that the trial court made all its findings clearly and convincingly in the record to support its determination of the 16 consecutive sentences.

**{¶ 9}** Appellant incorrectly implies our review of felony sentencing is an abuse-of-discretion standard. We review a challenge to felony sentencing pursuant to R.C. 2953.08(G)(2). *State v. McIntoush*, 2024-Ohio-2284, ¶ 14 (6th Dist.). "R.C. 2953.08(G)(2) provides that an appellate court may only increase, reduce, or otherwise modify consecutive sentences if the record does not '"clearly and convincingly" support the trial court's R.C. 2929.14(C)(4) consecutive sentence findings.'"" *Id.* at ¶ 15, quoting *Gwynne* at ¶ 13. The Ohio Supreme Court guides appellate courts that under R.C. 2953.08(G)(2)(a), "clear and convincing" means "'a firm belief or conviction that the record does not support the trial court's findings before it may increase, reduce, or otherwise modify consecutive sentences'" under R.C. 2929.14(C)(4). *Id.*, quoting *Gwynne* at ¶ 15.

**{¶ 10}** The three findings the trial court must determine to support consecutive sentences are: "(1) consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) one or more of the findings listed in R.C. 2929.14(C)(4)(a), (b), or (c)." *Id.* at ¶

5.

16. The trial court's findings need not contain specific words or reasoning so long as the record contains some evidence to support the findings and incorporated into the sentencing entry. *Id.* at ¶ 18.

{¶ 11} "The plain language of R.C. 2953.08(G)(2) requires an appellate court to defer to a trial court's consecutive-sentence findings, and the trial court's findings must be upheld unless those findings are clearly and convincingly not supported by the record." *Gwynne* at ¶ 5.

{¶ 12} Appellant's argument on appeal does not dispute the trial court's determination of the first finding of the consecutive-sentences requirement, that consecutive sentences are necessary to protect the public from future crime by the offender. Appellant specifically does not contest his 16 guilty pleas and are complete admissions of his guilt of those offenses. That includes 10 guilty pleas to violating R.C. 2907.07(D)(1), which are fourth-degree felonies under R.C. 2907.07(F)(3) because of his previous conviction, in 2020, for a sexually-oriented offense, which then triggered the mandatory prison terms of "not less than twelve months" per offense. That also includes five guilty pleas to violating R.C. 2907.32(A)(2), which are fourth-degree felonies under R.C. 2907.32(C), because of his previous conviction for an R.C. 2907.32 offense.

{¶ 13} Given the uncontested first finding, we find the trial court's determination of the third finding of the consecutive-sentences requirement, one of three options, is also met under R.C. 2929.14(C)(4)(c), which states, "The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from

6.

future crime by the offender." *McIntoush* at ¶ 17. The trial court specifically reviewed appellant's criminal history, although limited, with sexually-oriented offenses involving two different victims, each a minor child. The trial court also identified that the most recent offenses occurred within one year of completing his sanction for the prior conviction.

{¶ 14} Appellant's argument on appeal challenges the second finding of the consecutive-sentences requirement, that consecutive sentences are not disproportionate to the seriousness of his conduct and to the danger he poses to the public. However, the only basis he provides is a vague allegation of a lack of evidence of "great or unusual harm." Appellant's challenge to the evidence of "great or unusual harm" is misplaced because it refers to R.C. 2929.14(C)(4)(b), which is not a mandatory factor where R.C. 2929.14(C)(4)(c) is found. *Id.* at ¶ 22. Applying the deferential standard in R.C. 2953.08(G)(2), we cannot say the record does not clearly and convincingly support the trial court's findings of consecutive sentences for the 16 felony convictions. *Id.*

{¶ 15} Appellant's sole assignment of error is not well-taken.

### III. Conclusion

{¶ 16} On consideration whereof, we find that substantial justice has been done in this matter. The judgment of the Lucas County Court of Common Pleas, General Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

7.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.          _____

                                              JUDGE

Myron C. Duhart, J.

                                              _____

Charles E. Sulek, P.J.                   JUDGE
CONCUR.

                                              _____

                                              JUDGE


This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.