[Cite as *State v. Summers*, 2014-Ohio-2441.]

IN THE COURT OF APPEALS FOR DARKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.   2013 CA 16 |
| v. | : | T.C. NO.   13CR10 |
| CHRISTOPHER A. SUMMERS | : | (Criminal appeal from Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____6th____ day of ____June____, 2014.

. . . . . . . . . .

R. KELLY ORMSBY, III, Atty. Reg. No. 0020615, Prosecuting Attorney, Darke County Prosecutor's Office, Courthouse, Third Floor, Greenville, Ohio 45331
        Attorney for Plaintiff-Appellee

J. ALLEN WILMES, Atty. Reg. No. 0012093, 7821 N. Dixie Drive, Dayton, Ohio 45414
        Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, P.J.

        **{¶ 1}**   Christopher Summers was found guilty on his guilty plea of one count of sexual battery, in violation of R.C. 2907.03(A)(7), in the Darke County Court of Common Pleas; Summers was sentenced to one year of imprisonment.   Summers had been convicted of eight additional counts of sexual battery involving the same victim in Mercer County, and

the trial court ordered that his sentence for the Darke County offense be served consecutively with the sentence imposed in the Mercer County case. Summers appeals from the Darke County conviction, challenging his sentence.

{¶ 2} The victim of the Darke and Mercer County offenses was an underage female high school student; Summers was her teacher and coach, age 35. Summers claimed that he and the victim had a close, romantic relationship and that their sexual activity was consensual, although he acknowledged that it "crossed the line" and that, as an adult, "any contact was wrong." The victim claimed that she felt coerced and manipulated into the sexual relationship and that she was not a willing participant. The sexual conduct occurred over the course of more than two years. Summers and the victim lived in Mercer County, and most of the sexual activity occurred in Mercer County. The Darke County offense was based on a night they spent in a Greenville hotel. The victim eventually told her mother about the sexual conduct.

{¶ 3} In November 2012, Summers was charged with more than forty counts of rape, sexual battery, and gross sexual imposition in Mercer County. In January 2013, he was indicted on one count of sexual battery in Darke County. He entered guilty pleas in both cases in August 2013. In Mercer County, Summers pled guilty to eight counts of sexual battery, in exchange for which the other charges were dismissed. On October 10, 2013, he was sentenced to thirty months on each count, to be served consecutively, for an aggregate term of twenty years. The next day, he was sentence in Darke County to a term of one year in prison, to be served consecutively with the Mercer County sentence.

{¶ 4} Summers raises two assignments of error on appeal from his Darke County

conviction and sentence. The assignments of error state:

> **The trial court committed prejudicial error by imposing consecutive service on Appellant which sentence was an abuse of discretion and was violative of the statutory purposes and principles of sentencing.**
>
> **Imposing a sentence consecutive to the sentence in Mercer County was not consistent with sentences imposed for similar cases committed by similar offenders.**

**{¶ 5}** Summers contends that the trial court abused its discretion in imposing a consecutive sentence. His argument suggests that the trial court was not permitted to impose a consecutive sentence without making "specific findings which are tied to the overriding purpose of punishment" and examining whether the sentence is proportionate to his conduct and the danger he poses to the public. He claims that the trial court "summarily" imposed a consecutive sentence that was "grossly unsound, unreasonable, and illegal" and that, because the "teacher/student" relationship "defines the offense" of which he was convicted (R.C. 2907.03(A)(7)), that fact should not be viewed as a factor making his offense "more serious" under R.C. 2929.12(B). Finally, he contends that his sentence was disproportionate to similarly situated offenders.

**{¶ 6}** R.C. 2929.41(A) requires that, except as provided in other sections of the Revised Code, including R.C. 2929.14(C), "a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States." R.C.

2929.14(C)(4) provides that a sentencing court must make certain findings when imposing consecutive sentences. Specifically, R.C. 2929.14(C)(4) allows for the imposition of consecutive sentences if the trial court finds that: (1) a "consecutive service is necessary to protect the public from future crime or to punish the offender"; (2) "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public"; and (3) one or more of the following three findings are satisfied:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c). An explanation of the rationale for a sentence (both case-specific and statutory) can only increase the public understanding of a particular sanction and thus the perceived legitimacy of the criminal justice system. *See, e.g.*, O'Hear, *Explaining Sentences*, 36 Fla.St.U.L.Rev. 459 (Spring 2009); Lamparello, *Social*

*Psychology, Legitimacy, and the Ethical Foundations of Judgment: Importing the Procedural Justice Model to Federal Sentencing Jurisprudence*, 38 Colum.Hum.Rts.L.Rev. 115 (2006).

**{¶ 7}** However, the text of R.C. 2929.14(C)(4) does not state that a sentencing court is required to express its consecutive-sentence findings in a sentencing entry, nor is there such a requirement in R.C. 2929.19(B)(2)(b), which lists what information the trial court must include in a sentencing entry. *See State v. Slaughter*, 2d Dist. Montgomery No. 25215, 2014-Ohio-862, ¶ 25-27.

**{¶ 8}** Moreover, we have recently held that Ohio law does not currently require a sentencing court to explicitly include consecutive-sentence findings in sentencing entries. Although the court must consider the record and other pertinent information before imposing a sentence, "R.C. 2929.19(B)(2) provides that sentencing entries must simply indicate whether multiple sentences are to be served consecutively." *Id.* at ¶ 30.

**{¶ 9}** At the sentencing hearing, the trial court noted that Summers was convicted the previous day of eight counts of sexual battery in Mercer County and was sentenced to 20 years of imprisonment on those offenses. It also noted that the "Ohio Risk Assessment screening tool" indicated that Summers was at low risk to reoffend. The court acknowledged factors indicating that Summers was unlikely to reoffend except for "periods of bad judgment" (such as the one in which Summers claimed that the relationship with the victim in this case began), but the court recognized that periods of bad judgment could recur.

**{¶ 10}** The judge made inconsistent statements about Summers's risk of

recidivism, noting his lack of criminal history and other risk factors, and the judgment entry reiterated that recidivism was unlikely, but concluding that he may reoffend if he again found himself in difficult circumstances. These conflicting statements do not appear to be the basis for the prison sentence. The court also noted Summers's position of authority in relationship to the victim in discussing the seriousness of the offense. Summers's position of authority was an element of the offenses of which he was convicted;[1] thus, although Summers's conduct was serious, his position of authority was not entitled to significant weight, if any, in rendering the offense "more serious than conduct normally constituting the offense," under R.C. 2929.12(B). *See State v. Nichols*, 195 Ohio App.3d 323, 2011-Ohio-4671, 959 N.E.2d 1082, ¶ 26 (2d Dist.)

{¶ 11} Summers also points out that the court made several comments at the sentencing hearing about "why there is sin in the world." Certain statements may create the appearance that a court is improperly basing its sentence on the judge's religious beliefs. See *State v. Arnett*, 88 Ohio St.3d 208, 724 N.E.2d 793 (2000) (holding that a judge's personal experiences and beliefs cannot be divorced from his or her exercise of personal discretion in sentencing, but recognizing that "a sentencing judge's religious comments may violate an offender's due process rights when they reveal an 'explicit intrusion of personal religious principles as the basis of a sentencing decision.'" (*Id.*, distinguishing *United States*

---

[1] R.C. 2907.03(A)(7) states that "No person shall engage in sexual conduct with another, not the spouse of the offender, when * * * [t]he offender is a teacher, administrator, coach, or other person in authority employed by or serving in a school for which the state board of education prescribes minimum standards pursuant to division (D) of section 3301.07 of the Revised Code, the other person is enrolled in or attends that school, and the offender is not enrolled in and does not attend that school."

*v. Bakker*, 925 F.2d 728 (C.A.4, 1991)). However, the court clearly described these reflections as "anecdotal" and having "nothing to do with the sentence," and we conclude that these comments did not influence the sentence.

{¶ 12} The court stated that the victim's age, Summers's relationship to the victim, including his position of authority, and the "ongoing series of conduct" made the offense a "more serious" one. The court further stated that it was "considering this to be a course of conduct case," because it "wouldn't make sense" not to consider the events that occurred in Mercer County. The court asserted that the sentence had "a component of punishing and protecting the public." Further, the sentencing entry stated that this was the worst form of the offense, that the court sought to deter others in positions of authority from engaging in such behavior, that a non-consecutive sentence would demean the severity of the conduct, and that the sentence did not place an unnecessary burden on governmental resources.

{¶ 13} The trial court considered and addressed the issues pertinent to determining an appropriate sentence, as set forth in R.C. 2929.11, R.C. 2929.12, and R.C. 2929.14. When imposing the consecutive sentence, the trial court made the findings required by R.C. 2929.14(C)(4), including that the offense was committed as part of a course of conduct and that the court was "protecting the public." We do not clearly and convincingly find either that the record does not support the trial court's findings under R.C. 2929.14(C)(4) or that the sentence is otherwise contrary to law. R.C. 2953.08(G)(2). *See State v. Rodeffer*, 2d Dist. Montgomery Nos. 25574, 25575, 25576, 2013-Ohio-5759. Further, considering the abuse of discretion standard, which Summers references in his appellate brief, we cannot conclude that the consecutive sentence was unreasonable. *See id.* at ¶ 48-50 (Froelich, J.,

concurring in judgment).

{¶ 14}    Summers takes issue with the court's finding that a "course of conduct" was involved, where only one charge occurred in Darke County.  The term "course of conduct" is not defined in R.C. 2929.14, but other sources provide some guidance.  The supreme court has held that, for purposes of a death specification in a case involving multiple murders, a course of conduct may be established by factual links, including time, location, weapon, cause of death, or similar motivation.  *State v. Short*, 129 Ohio St.3d 360, 2011-Ohio-3641, 952 N.E.2d 1121, ¶ 144.  Ohio Jury Instructions has included this definition in at least one of its instructions.  See 2 Ohio Jury Instructions 513.49(E)(6).  Similarly, "some connection, common scheme, or some pattern or psychological thread that ties" offenses together can establish a single course of conduct.  *State v. Sapp*, 105 Ohio St.3d 104, 2004-Ohio-7008, 822 N.E.2d 1239, syllabus.  The trial court reasonably considered the motivation, connection, and scope of Summers's offenses against the victim in weighing the seriousness of the Darke County offense and other sentencing factors.

{¶ 15}    Moreover, it is well established that the court may consider information beyond that strictly related to the offense(s) of which a defendant is convicted, even including criminal charges and supporting facts that are dismissed under a plea agreement and charges of which the offender is ultimately acquitted.  See  *State v. Bowser*, 186 Ohio App.3d 162, 2010-Ohio-951, 926 N.E.2d 714 (2d Dist.), citing *State v. Blake*, 2d Dist. Montgomery No. 17355, 1999 WL 375576 (June 11, 1999) and *State v. Wiles*, 59 Ohio St.3d 71, 78, 571 N.E.2d 97 (1991).

{¶ 16}    Summers also argues that his sentence was inconsistent with sentences

imposed in other Ohio cases for similar crimes committed by similar offenders. The consistency of sentences is one of the mandates of R.C. 2929.11(B). Summers cites several cases in which a shorter sentence was imposed than he received, including *State v. Schuler*, Warren C.P. No. 11 CR 27196 (where a female teacher committed sexual battery on several male students after "cultivating" them with alcohol); *State v. Valentine*, Lake C.P. No. 09 CR 0311 (involving 16 counts of sexual battery); and *State v. Ralston*, Clermont C.P. No. 2008 CR 1054 (sexual battery involving three juvenile victims). He has also attached to his reply brief a chart of cases involving sexual battery and the sentences imposed. Summers acknowledges that "full details of said offenses are not available," but he asserts that they establish that the sentence in this case was unduly harsh.

{¶ 17} The sentence imposed in the Darke County case involved only one count, for which Summers received a one-year sentence to be served consecutively with the sentences imposed in Mercer County. Summers's consistency argument appears to be focused on the twenty year sentence he received in Mercer County, as the cases to which he compares his own sentence imposed sentences substantially greater than one year, but less than twenty years. We recognize the difficulty in establishing such a claim, especially if a record is not made at the trial court level, but the facts of the other cases on which Summers relies and the individuals involved in those cases are not before us. Similarly, Summers's Mercer County sentence is not before us, and we have no authority to review it.

{¶ 18} The assignments of error are overruled.

{¶ 19} The judgment of the trial court will be affirmed.

. . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies mailed to:

R. Kelly Ormsby, III
J. Allen Wilmes
Hon. Jonathan P. Hein