[Cite as *State v. Gessel*, 2021-Ohio-1842.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WILLIAMS COUNTY

| | |
|---|---|
| State of Ohio | Court of Appeals No. WM-20-006 |
| Appellee | Trial Court No. 19CR000027 |
| v. | |
| Steve A. Gessel | **DECISION AND JUDGMENT** |
| Appellant | Decided: May 28, 2021 |

* * * * *

Sarah R. Anjum, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Appellant, Steve A. Gessel, appeals the July 17, 2020 judgment of the Williams County Court of Common Pleas, sentencing him to an aggregate prison term of 96 months following his conviction on two counts of unlawful sexual conduct with a minor. For the reasons that follow, we affirm the trial court's judgment and remand to the trial court for a nunc pro tunc entry as described herein.

## I. Background

{¶ 2} On January 15, 2019, Steve A. Gessel was indicted on one count of abduction in violation of R.C. 2905.02(A)(2), a third-degree felony (Count 1); two counts of rape in violation of R.C. 2907.02(A)(2), both first-degree felonies (Counts 2 and 3); unlawful sexual conduct with a minor in violation of R.C. 2907.04(A)(B)(3), a third-degree felony (Count 4); and kidnapping in violation of R.C. 2905.01(A)(4)(C)(1), a first-degree felony (Count 5). On March 11, 2019, pursuant to a plea agreement, Gessel entered a guilty plea to an amended Count 2—amended from rape to unlawful sexual conduct with a minor—and Count 3. On April 10, 2019, the trial court sentenced Gessel to a 48-month prison term on each count. The trial court ordered the sentences to be served consecutively for an aggregate prison term of 96 months. The remaining counts were dismissed at the state's request.

{¶ 3} Gessel appealed his convictions to this court. On February 7, 2020, we reversed Gessel's convictions and remanded for resentencing because the trial court failed to make all of the findings that are necessary to impose consecutive sentences under R.C. 2929.14(C)(4). *State v. Gessel,* 6th Dist. Williams No. WM-19-004, 2020-Ohio-403, ¶ 15.

{¶ 4} On July 9, 2020, the trial court held a new sentencing hearing. No witnesses testified at the hearing. According to the state, the victim was "scared" and afraid to testify. The state argued that consecutive sentences are warranted because the victim suffered two distinct forms of rape—i.e., digital and penile penetration. The state also

2.

argued that the victim's fear of testifying demonstrated that she had suffered great or unusual harm which warranted consecutive sentences. In response, Gessel submitted a letter that the victim wrote to him shortly after his arrest. He claimed that the letter showed that the victim still supported him and, therefore, she did not suffer great or unusual harm. Gessel maintained that there was no evidence that "anything's changed" since the victim wrote that letter.

{¶ 5} Following the parties' arguments, the trial court again sentenced Gessel to 48 months in prison on each count. The trial court ordered the sentences imposed to be served consecutively for an aggregate prison sentence of 96 months. The trial court's decision was memorialized in its July 17, 2020 judgment entry. Gessel timely appeals and asserts the following error for our review:

> 1. The record does not support great or unusual harm to the victim warranting consecutive sentences.

## II. Law and Analysis

{¶ 6} We review felony sentences under R.C. 2953.08(G)(2). *State v. Goings*, 6th Dist. Lucas No. L-13-1103, 2014-Ohio-2322, ¶ 20. We may increase, modify, or vacate and remand a trial court's imposition of consecutive sentences only if we clearly and convincingly find that: (1) "the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14, * * *" or (2) "the sentence is otherwise contrary to law." *Id.*, citing R.C. 2953.08(G)(2). The "clear and convincing evidence" standard is defined as "that measure or degree of proof which is more than a mere

3.

'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *State v. Mitten*, 6th Dist. Sandusky No. S-19-056, 2021-Ohio-89, ¶ 4, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 7} In his sole assignment of error, Gessel argues that the trial court's imposition of consecutive sentences is contrary to law because the record does not support the trial court's finding that the victim suffered great or unusual harm.

{¶ 8} As provided in R.C. 2929.14(C)(4), a trial court must make certain findings to impose consecutive sentences:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

4.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 9} In other words, this statute requires the trial court to make three statutory findings before imposing consecutive sentences. *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 252; *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 26. It must find (1) that consecutive sentences are necessary to protect the public or to punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger that the offender poses to the public; and (3) that R.C. 2929.14(C)(4)(a), (b), or (c) is applicable. *Beasley* at ¶ 252. "[T]he trial court must make the requisite findings *both* at the sentencing hearing and in the sentencing entry." (Emphasis in original.) *Id.* at ¶ 253, citing *Bonnell* at ¶ 37. While "a word-for-word recitation of the language of the statute is not required," a reviewing court must be able to discern that the trial court engaged in the correct analysis and the record must contain evidence to support the trial court's findings. *Bonnell* at ¶ 29.

5.

{¶ 10} Here, Gessel does not argue that the trial court failed to make the necessary findings under R.C. 2929.14(C)(4) at both his sentencing hearing and in the judgment entry. Instead, he argues only that the record does not support the trial court's finding that the victim suffered great or unusual harm. Accordingly, Gessel has the burden to identify clear and convincing evidence in the record that his sentence was erroneously imposed. *State v. Torres*, 6th Dist. Ottawa No. OT-18-008, 2019-Ohio-434, ¶ 6.

{¶ 11} At the sentencing hearing, the state described the victim—who was not called to testify—as "a young fourteen year old" who "fell prey to [Gessel]." The state noted that the plea agreement was entered into, in part, because the victim "didn't want to testify" and that "she was scared." As this court has found, the state's presentation of the victim's fear of testifying provides a basis on which the trial court could conclude that she suffered great or unusual harm as a result of Gessel's conduct. *See State v. Williams*, 6th Dist. Lucas Nos. L-15-1259, L-15-1260, 2016-Ohio-4905, ¶ 27 (holding that the state's presentation of facts at sentencing regarding a victim's fear of testifying supported a finding of great or unusual harm).

{¶ 12} Gessel, however, points to a letter that he received from the victim shortly after his arrest—which was nearly 18 months before his resentencing hearing. In that letter, which was introduced into evidence at the hearing, the victim apologized to Gessel and stated that she "didn't want [Gessel] to go to jail." She also stated that she loved Gessel and encouraged him to write back. On appeal, Gessel argues that the support the victim expressed in the letter "certainly does not point to any great or unusual harm" and

6.

that the trial court erred in reaching that conclusion. We disagree. As the trial court recognized, the victim's letter and her hope to keep Gessel out of jail demonstrate that she is "immature and unable to make good adult decisions." The letter does not diminish the evidence put forth by the state that the victim was afraid to testify—which supports the trial court's finding that the victim suffered great or unusual harm under R.C. 2929.14(C)(4)(b). *Williams* at ¶ 27.

{¶ 13} Accordingly, we find Gessel's sole assignment of error not well-taken.

{¶ 14} Finally, although not raised by Gessel on appeal, we note that the trial court did not incorporate all of its R.C. 2929.14(C)(4) findings into its judgment entry. Specifically, the trial court did not expressly state in its judgment entry that consecutive sentences are necessary to protect the public from future crime based on Gessel's criminal history as described in R.C. 2929.14(C)(4)(c)—even though the trial court did make this finding at the resentencing hearing. "A trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a *nunc pro tunc* entry to reflect what actually occurred in open court." *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659 at ¶ 30, citing *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718. Because the trial court's judgment entry omits this finding, we remand this matter to the trial court for a nunc pro tunc entry to correct that omission.

7.

### III. Conclusion

{¶ 15} We find Gessel's assignment of error not well-taken. Therefore, we affirm the July 17, 2020 judgment of the Williams County Court of Common Pleas. We remand this matter to the trial court for the limited purpose of issuing a nunc pro tunc entry to incorporate its finding under R.C. 2929.14(C)(4)(c) into its judgment. Gessel is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                   _____
                                      JUDGE
Christine E. Mayle, J.

Gene A. Zmuda, P.J.                   _____
CONCUR.                               JUDGE

                                      _____
                                      JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.