**[Cite as *State v. Anderson*, 2025-Ohio-5732.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                             Court of Appeals No.L-24-1271

      Appellee

                                         Trial Court No. CR0202401010

v.

Makala Samara Anderson                       **DECISION AND JUDGMENT**

      Appellant                                  Decided: December 23, 2025

* * * * *

Julia R. Bates, Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

David Klucas, for appellant.

* * * * *

**ZMUDA, J.**

## I.      Introduction

{¶ 1}  Appellant, Makala Anderson, appeals from the November 5, 2024

judgment of the Lucas County Court of Common Pleas convicting her of one count of

involuntary manslaughter and three counts of felonious assault. The trial court ordered appellant to serve three of the four prison terms consecutive to one another, resulting in an aggregate, indefinite prison term of 18 to 23 years. Appellant now argues that the imposition of consecutive sentences was contrary to law and that the trial court's judgment should be reversed. For the following reasons, we affirm the trial court's judgment.

## A. Facts and Procedural Background

{¶ 2} On January 3, 2024, appellant was indicted on one count of aggravated murder, an unclassified felony; one count of murder, an unclassified felony; three counts of attempted murder, each a first-degree felony; three counts of felonious assault, each a second-degree felony; and one count of discharging a firearm on or near prohibited premises, a first-degree felony. The charges arose from a December 18, 2023 incident in which appellant was driving a vehicle occupied by co-defendant, Jermaine Johnson. At some point during the evening, when appellant stopped the vehicle, Johnson exited and discharged a firearm at four individuals. Two of the victims suffered injuries and a third died as a result of the shooting. Appellant was arrested on March 1, 2024, and entered a not guilty plea to all counts at her March 14, 2024 arraignment.

{¶ 3} Following negotiations with the state, appellant appeared for a change of plea hearing on October 7, 2024. In exchange for the dismissal of the remaining counts, appellant entered a guilty plea to an amended count of involuntary manslaughter in violation of R.C. 2903.04(A) and (C), a first-degree felony and a lesser-included offense of the murder charge, and three counts of felonious assault in violation of R.C.

2.

2903.11(A)(2) and (D), each a second-degree felony. The trial court accepted appellant's plea and dismissed the remaining counts. The matter was set for sentencing on October 31, 2024.

{¶ 4} At sentencing, the trial court ordered appellant to serve an indefinite minimum prison term of 10 years and a maximum of 15 years on the involuntary manslaughter offense. The trial court also ordered appellant to serve a five-year prison term, a three-year prison term, and a two-year prison term, respectively, on the three felonious assault offenses. The trial court then ordered appellant to serve the prison terms on the involuntary manslaughter and two of the felonious assault sentences consecutively. The court ordered appellant to serve the two-year prison term for the remaining felonious assault offense concurrent with the other sentences, resulting in an aggregate, indefinite prison term of 18 to 23 years. The trial court memorialized appellant's sentence in its November 5, 2024 judgment entry.

## B.     Assignments of Error

{¶ 5} Appellant timely appealed and asserts the following error for our review:

1. The trial court committed reversible error by imposing consecutive sentences.

## II.     Law and Analysis

{¶ 6} In her single assignment of error, appellant argues that the trial court improperly ordered her to serve her sentences consecutively. Specifically, she argues that the trial court failed to make all of the findings required under R.C. 2929.14(C)(4) in order to impose consecutive sentences and, alternatively, that if this court finds that the

3.

trial court made the required findings that those findings are not supported by the record. Neither argument is persuasive.

## A. Standard of Review

{¶ 7} We review felony sentencing challenges under R.C. 2953.08(G)(2). *State v. McIntoush,* 2024-Ohio-2284, ¶ 14 (6th Dist.). R.C. 2953.02(G)(2) provides that appellate courts may "increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing" if it finds, in relevant part, "that the record does not support the sentencing court's findings" under R.C. 2929.14(C)(4) or "that the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(a) and (b).

{¶ 8} In order to impose consecutive sentences, a trial court must make three separate findings under R.C. 2929.14(C)(4). *Id.* at ¶ 16. The trial court must find that:

(1) consecutive sentences are necessary to protect the public from future crime or to punish the offender;

(2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and

(3) one or more of the findings listed in R.C. 2929.14(C)(4)(a), (b), or (c).

*Id.;* R.C. 2929.14(C)(4). The additional finding or findings the trial court must make under R.C. 2929.14(C)(4) include:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple

4.

offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Id.* at ¶ 17. A trial court's failure to make the necessary findings when it imposes consecutive sentences renders the sentence contrary to law. *State v. Bonnell,* 2014-Ohio-3177. When a trial court makes the requisite findings, our review is limited to whether those findings are supported by the record. *State v. Glover,* 2024-Ohio-5195. "Only when the court of appeals concludes that the record clearly and convincingly does not support the trial court's findings or it clearly and convincingly finds that the sentence is contrary to law is it is permitted to modify the trial court's sentence." *Id.* at ¶ 44. It is appellant's burden to identify clear and convincing evidence in the record to show that the trial court erred in imposing their sentence. *State v. Walker,* 2021-Ohio-3860 (6th Dist.); App.R. 16(A)(7) (Appellant's brief must contain "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions with citations to the authorities, statutes, and parts of the record on which appellant relies."). Here, appellant argues that the trial court's sentence was contrary to law because it failed to make a finding under R.C. 2929.14(C)(4)(b). Alternatively, she argues that the record clearly and convincingly does not support the trial court's findings.

{¶ 9} Appellant's argument that the sentence was contrary to law relates primarily to the trial court's finding, or alleged lack thereof, that her offenses were part of

5.

one or more courses of conduct as described in R.C. 2929.14(C)(4)(b). She argues that the trial court failed to make this finding and that the record would not support such a finding because her conduct was all part of a single incident and, therefore, not a "course of conduct." To address appellant's argument, we find it necessary to first clarify what constitutes a "course of conduct" as described in R.C. 2929.14(C)(4)(b).

### B. Multiple offenses arising from a single incident may constitute a course of conduct as described in R.C. 2929.14(C)(4)(b).

{¶ 10} The crux of appellant's argument is that the offenses she committed occurred simultaneously during a single incident and, therefore, do not permit a valid finding that they were committed as part of one or more courses of conduct. Appellant correctly notes that the statute does not define course of conduct in the context of consecutive sentences. To support her argument that a course of conduct must include more than one incident, she directs this court to *State v. Kay,* 2015-Ohio-4403 (2d. Dist). In *Kay,* the court considered whether the defendant's multiple offenses constituted a "course of conduct" necessary for the imposition of consecutive sentences by reviewing the Ohio Supreme Court's definition of the course of conduct necessary to satisfy a "course of conduct" specification necessary for the imposition of the death penalty pursuant to R.C. 2929.04(A)(5). *Id* at ¶ 19, citing *State v. Summers,* 2014-Ohio-2441 (2d Dist.); *State v. Short,* 2011-Ohio-3641. It found that a course of conduct "may be established by factual links including time, location, weapon, cause of death or similar motivation." *Id*. The court then held that the defendant's convictions were "based on a

6.

single event, and she had no other criminal convictions or charges from which to infer that she was engaged in any *course of conduct* involving a spree of felony offenses." *Id.*

{¶ 11} Appellant cites this conclusion as a holding that prohibits the imposition of consecutive sentences for multiple offenses that occurred during a single event. *Kay,* however, does not establish that multiple offenses arising from a single event cannot constitute a course of conduct as appellant suggests.

{¶ 12} In *Kay,* the court lamented that "the record is not clear what facts were considered by the trial court" to determine whether the defendant's offenses were part of one or more courses of conduct. *Id.* at ¶ 18. Further, the court's focus and ultimate holding as to the trial court's R.C. 2929.14(C)(4)(b) finding related to the lack of evidence in the record to support the trial court's finding that the defendant's offenses resulted in "great or unusual" harm, rather than a deficiency in the record related to appellant's offenses being part of a course of conduct. *Id.* ("[W]e conclude that the record fails to support a conclusion that the harm caused by the offenses committed by [the defendant] was so great or unusual that consecutive sentences were required."). Put simply, appellant asks this court to extend the holding in *Kay,* based on limited factual evidence and a focus on another aspect of consecutive sentences, to hold that consecutive sentences can never be imposed on multiple offenses that occur during a single event. We see no basis on which to establish such a broad reading of R.C. 2929.14(C)(4)(b).

{¶ 13} While we reject appellant's request that we find a single incident cannot constitute a course of conduct based on *Kay,* we agree with appellant that the Ohio Supreme Court's guidance regarding what constitutes a "course of conduct" as an

7.

aggravated murder specification is persuasive to our analysis here. That is, appellant's reference to R.C. 2929.04(A)(5) is apt, but her analysis is incomplete. In *State v. Nicholson,* 2024-Ohio-604, the Ohio Supreme Court affirmed the aggravating specification under R.C. 2929.04(A)(5) when the defendant committed two murders "at the same time and in the same place" following his threats against both victims. *Id.* at ¶ 369. Additionally, the defendant's motive behind the murders related to his jealousy of the victims' relationship. *Id.* The court concluded that these facts "[tied] the murders together" and, as a result, constituted a course of conduct despite occurring during a single incident. *Id.*

{¶ 14} Notably, the court cited *State v. Sapp,* 2004-Ohio-7008, a case in which it concluded that the "temporal proximity" between the multiple offenses was a relevant factor in determining whether they constituted a course of conduct. *Id.* at ¶ 54. To analyze the timing of criminal offenses, the court stated "[t]he further apart the acts are temporally, the more incumbent it is upon a court to carefully consider other factors in determining whether the acts are part of a course of conduct." *Id.* at ¶ 56, citing *State v. Cummings,* 332 N.C. 487 (1992). The logical inverse, then, is that when the offenses are closer in temporal proximity, the timing is more indicative that they are part of one course of conduct. Indeed, both *Nicholson* and *Sapp* held that offenses committed at the same time and place were part of the same course of conduct to support the aggravating factor described in R.C. 2929.04(A)(5). *Nicholson* at ¶ 369; *Sapp* at ¶ 51. Moreover, multiple offenses arising from the same conduct have consistently been held to constitute a "course of conduct" for purposes of imposing consecutive sentences. *State v. Owens,*

8.

2016-Ohio-3092 (6th Dist.) (affirming consecutive sentences on multiple convictions for aggravated vehicular homicide arising from a single accident); *State v. Simpson,* 2023-Ohio-3207 (3d Dist.); *State v. Beatty,* 2024-Ohio-5684 (upholding consecutive sentences resulting from a single incident in which defendant discharged a firearm at a group of four people, resulting in multiple felonious assault offenses).

{¶ 15} For these reasons, we reject appellant's argument that a single event cannot constitute a "course of conduct" pursuant to R.C. 2929.14(C)(4)(b). Indeed, we find that the offenses occurring during a single event, in close temporal proximity, renders them more likely to be part of a course of conduct. *Sapp* at ¶ 54-56. Having rejected appellant's argument that offenses arising from a single event cannot constitute a course of conduct pursuant to R.C. 2929.14(C)(4)(b), we turn to the merits of appellant's argument regarding whether the trial court made the necessary findings to impose consecutive sentences and whether those findings are supported by the record.

### C. The trial court made all necessary findings pursuant to R.C. 2929.14(C) to order appellant to serve her prison terms consecutively.

{¶ 16} We begin with appellant's argument that the trial court failed to make the required findings pursuant to R.C. 2929.14(C)(4) in order to impose consecutive sentences. Specifically, appellant argues that the trial court did not find that the multiple offenses she committed were "part of one or more courses of conduct," as described in R.C. 2929.14(C)(4)(b), when it found that the harm resulting from her conduct was so great that no single prison term adequately reflects the seriousness of her conduct.

9.

{¶ 17} Having reviewed the record, we agree that the trial court did not expressly make a finding that appellant's offenses were part of one or more courses of conduct either at sentencing or in its judgment entry. However, the lack of such an express finding does not clearly and convincingly show that the trial court failed to make that finding or render appellant's sentence contrary to law.

{¶ 18} In *State v. Jones,* 2024-Ohio-1083, the Ohio Supreme Court held that a trial court made the findings necessary to impose consecutive sentences under R.C. 2929.14(C)(4) at sentencing despite not expressly citing the code subsection or the statutory language. *Id.* at ¶ 15-16. The court held that the trial court's discussion of the defendant's criminal history "evince[d]" a finding that the defendant's criminal history satisfied R.C. 2929.14(C)(4)(c), one of the third possible findings necessary to impose consecutive sentences. *Id.* at ¶ 16. Thus, when the record evinces that the trial court made one of the required findings despite not expressly stating so, we may conclude that it nevertheless made that finding. *Id.* We have applied *Jones* when, as is the case here, an appellant argues that the trial court failed to make one of the necessary findings to impose consecutive sentences pursuant to R.C. 2929.14(C)(4) but the record suggests otherwise. *See McIntoush,* 2024-Ohio-2284, at ¶ 19 (6th Dist.); *State v. Watson,* 2024-Ohio-5532, ¶ 15 (6th Dist.); *State v. Kemp,* 2024-Ohio-5733, ¶ 25 (6th Dist.). We apply that standard to the present case and find that the record evinces that the trial court made the required "course of conduct" finding despite not expressly stating it.

10.

Immediately prior to announcing appellant's sentences for each offense, the trial court described the factors it had considered in determining appropriate sentences. In doing so, it stated "[appellant] didn't pull a trigger, yet under the laws of the state, she participated in a *course of conduct* that led to the death, that led to the felonious assault charges. It could well be that if she had driven away * * * none of this would have happened." (emphasis added). Then, upon ordering appellant to serve her sentences consecutively, the court expressly found that the harm resulting from her offenses was so great that no single prison term adequately reflected the seriousness of her conduct. As a result, the record evinces that the trial court made a finding as to both elements of R.C. 2929.14(C)(4)(b) before imposing consecutive sentences. Appellant has not identified any portion of the record to clearly and convincingly show that the trial court's judgment was contrary to law by failing to make the required course of conduct finding. *See Walker,* 2021-Ohio-3860 (6th Dist.).

**D. The record supports the trial court's consecutive sentence findings.**

{¶ 19} Appellant next argues that the record does not support the trial court's findings pursuant to R.C. 2929.14(C)(4). Specifically, she argues that the record does not show that she engaged in a "course of conduct" when committing her offenses, that there was no evidence that she was a danger to the public, that the harm resulting from her offenses was not great or unusual, and that her aggregate sentence was disproportionate to the seriousness of her conduct and the danger she poses to the public. In reviewing the record, we do not determine whether the record supports the trial court's findings, but only whether the record clearly and convincingly *does not* support those findings.

11.

*Glover,* 2024-Ohio-5195, at ¶ 46. We must employ a deferential standard to the trial court's consecutive sentencing findings. *Id.* We recognize the significant burden appellant must satisfy to succeed in making such a showing as we address her arguments in turn.

### a. The trial court's course of conduct finding

{¶ 20} To support her argument that the trial court erred in finding that she had engaged in one or more courses of conduct, appellant renews her argument that a single incident cannot constitute a course of conduct. Having already rejected this argument, we find that appellant has not clearly and convincingly shown that the trial court's finding that she engaged in a course of conduct is not supported by the record.

### b. The trial court's danger to the public finding

{¶ 21} Appellant next argues that the record does not support the trial court's finding that consecutive sentences were necessary because of the danger she poses to the public. She notes that the trial court recognized her limited criminal history at sentencing to show that the trial court erred in reaching this conclusion, stating that a lack of criminal history "precludes a finding of danger to the public." This argument is unfounded.

{¶ 22} First, appellant cites no authority so support her absolute declaration that an individual with an "insignificant" criminal history cannot be found to be a danger to the public. Such a conclusion would create absurd results in which a first-time offender could commit a heinous set of offenses but not be subject to consecutive sentences. This is simply not supported by the statute. Second, the record shows that the trial court

12.

considered appellant's choice to participate by driving the shooter to the site of the crime despite having had several opportunities to end her participation. Under our deferential standard, we cannot say that the record clearly and convincingly shows that the trial court erred in finding that appellant was a danger to the public.

### c. The trial court's great or unusual harm finding

{¶ 23} To show that the trial court erred in finding that her conduct resulted in great or unusual harm, appellant argues that the harm caused, while tragic, was the harm expected to result from her conduct and, therefore, could not be great or unusual harm. We disagree with the premise of appellant's argument that there was no evidence of harm other than what would be expected as a result of the offenses she committed.

{¶ 24} At sentencing, the mother of two of the felonious assault victims testified as to how the shooting impacted their lives. She stated "[appellant] changed my boys' personalities. They're scared of outside[.]" Additionally, the grandmother of the deceased victim wrote a victim impact statement that was read at sentencing. In her statement, she describes the impact her grandson's death has had on her, the victim's mother, the victim's sister, and other children in the neighborhood. The impact on the victims and their family, as expressed in their testimony at sentencing and in victim impact statements, is evidence of great or unusual harm beyond what would be anticipated to arise from appellant's offenses. *See State v. Gessell,* 2021-Ohio-1842, ¶ 11 (6th Dist.), citing *State v. Williams,* 2016-Ohio-4905, ¶ 27 (6th Dist.) (holding that a victim's testimony as to the impact of the offender's crime on their life supported a finding of great or unusual harm); *State v. Wynn*, 2020-Ohio-3550, ¶ 47 (6th Dist.). As a

13.

result, appellant's argument that there is no evidence of great or unusual harm is incorrect and she has not clearly and convincingly shown that the trial court erred in finding that her conduct resulted in great or unusual harm.

### d. The trial court's disproportionality finding.

{¶ 25} In her final argument, appellant seeks to reverse the trial court's judgment because it purportedly did not consider the aggregate length of her consecutive sentences in determining whether to order her sentences to be served consecutively. In *State v. Hammons,* 2024-Ohio-6128 (6th Dist.), we held that a trial court was not obligated to consider the aggregate length of consecutive sentences or the proportionality of that aggregate sentence to the offenses when making its findings pursuant to R.C. 2929.14(C)(4). *Id.* at ¶ 25, citing *State v. Gwynne,* 2023-Ohio-3851. Therefore, appellant's argument that the trial court's imposition of consecutive sentences was not supported by the record if the trial court failed to consider the aggregate length of the consecutive sentences fails as a matter of law.

{¶ 26} To avoid this result, appellant asks this court to reconsider *Hammons* in light of the Ohio Supreme Court's decision in *Glover,* 2024-Ohio-5195. In *Glover*, a plurality opinion, the lead opinion reaffirmed the precedent set in *Gwynne* that the trial court does not need to consider the aggregate length of consecutive prison terms when making the required findings. Appellant directs this court to Justice Fisher's concurring opinion in *Glover* in which he reached the opposite conclusion-that is, that the trial court must consider the aggregate prison term. *Id.* (Fisher, concurring). *Glover* was decided approximately one month before our decision in *Hammons* and both the lead opinion and

14.

the concurring opinion were available for our review at that time. We reached our decision in *Hammons* contrary to Justice Fisher's concurring opinion. Other than her disagreement with our conclusion, appellant offers no basis on which this court should reconsider our decision. As a result, we apply *Hammons* here and reject appellant's argument that the trial court was obligated to consider the aggregate length of her consecutive sentences before imposing them.

{¶ 27} In conclusion, we have found each of appellant's arguments that the record clearly and convincingly does not support the trial court's findings unfounded. Having already found that the trial court made all of the necessary findings to impose consecutive sentences, we find that the trial court's imposition of consecutive sentences is not clearly and convincingly contrary to law or not supported by the record and appellant's single assignment of error is found not well-taken.

### III. Conclusion

{¶ 28} For these reasons, we find appellant's single assignment of error not well-taken and we affirm the November 5, 2024 judgment of the Lucas County Court of Common Pleas.

{¶ 29} Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgement affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.

*See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik

JUDGE


Gene A. Zmuda

JUDGE


Charles E. Sulek

CONCUR.                                    JUDGE


This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.