[Cite as *State v. Young*, 2026-Ohio-2236.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio

    Appellee

v.

James Young

    Appellant

Court of Appeals No.   {87}WD-25-070
               {87}WD-25-071

Trial Court No.  2021 CR 0254
              2025 CR 0288

**DECISION AND JUDGMENT**

Decided: June 12, 2026

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
Kristofer Kristofferson, Assistant Prosecuting Attorney, for appellee.

Jeffrey P. Nunnari, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} In this consolidated appeal, appellant, James A. Young, appeals the October 23, 2025 judgments of the Wood County Court of Common Pleas sentencing him to 12 months imprisonment after he pled guilty to one count of theft, a felony of the fifth degree, in case No. 2021CR0254; and to 18 months imprisonment after he pled guilty to one count of failure to appear, a felony of the fourth degree, in case No. 2025CR0288. The court ordered the sentences to be served consecutively for a total aggregate sentence of 30 months imprisonment.

{¶ 2} At issue on appeal is whether Young's consecutive sentences are contrary to law. For the following reasons, we find that the trial court failed to make the requisite findings under R.C. 2929.14(C)(4). Accordingly, we reverse the October 23, 2025 judgments of the Wood County Court of Common Pleas and remand this matter to the trial court for resentencing.

## I. Factual and Procedural Background

{¶ 3} The origins of this case date back to 2021 when Young was arrested after he was seen walking out of a Home Depot with his son and approximately $1,545 worth of stolen tools. Young was charged with theft in case No. 2021CR0254. While he was out on bond, Young repeatedly failed to appear for his arraignment. The court revoked Young's bond and issued a county-wide warrant. After being served, Young appeared in court on August 10, 2021. At that hearing, the warrant was withdrawn, Young was granted an own recognizance bond, and a pretrial was set. On November 9, 2021, Young failed to appear for pretrial, and the court revoked his bond and issued a statewide warrant. That same day, an indictment was filed and Young was charged with failure to appear as required by recognizance.

{¶ 4} Nearly four years passed. On July 29, 2025, Young appeared in court for the first time on his failure to appear charge. On September 2, 2025, Young pled guilty to the charges in both of his cases—theft in case No. 2021CR0254 and failure to appear in case No. 2025CR0288. The court accepted Young's pleas and set both cases for a joint sentencing hearing.

2.

**{¶ 5}** On October 21, 2025, the court proceeded to sentencing and sentenced Young to 12 months imprisonment for the theft charge, and 18 months imprisonment for the failure to appear charge. The court ordered the sentences to be served consecutively for a total aggregate sentence of 30 months.

**{¶ 6}** Young filed a consolidated appeal and assigned the following error for our review:

> APPELLANT'S CONSECUTIVE SENTENCES ARE CONTRARY TO LAW.

## II. Law and Analysis

**{¶ 7}** We review sentencing challenges under R.C. 2953.08(G)(2). The statute allows an appellate court to increase, reduce, or otherwise modify a sentence or vacate the sentence and remand the matter for resentencing *only if* it clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

R.C. 2953.08(G)(2).

**{¶ 8}** The term "contrary to law" means "'in violation of statute or legal regulations at a given time.'" *State v. Grashel*, 2025-Ohio-580, ¶ 20 (4th Dist.), quoting *State v. Jones*, 2020-Ohio-6729, ¶ 34, quoting *Black's Law Dictionary* 328 (6th Ed.1990).

**{¶ 9}** To impose consecutive sentences, a trial court is required to make three findings: "(1) consecutive sentences are 'necessary to protect the public from future

3.

crime or to punish the offender * * *;' (2) imposition of consecutive sentences is not 'disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public * * *;' and (3) one of the factors in R.C. 2929.14(C)(4)(a) to (c) applies." *State v. Johnson*, 2023-Ohio-2008, ¶ 31 (6th Dist.), citing R.C. 2929.14(C)(4); *State v. Beasley*, 2018-Ohio-493, ¶ 252. The options for the third finding under R.C. 2929.14(C)(4) are:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 10} A sentencing court must make its findings under R.C. 2929.14(C)(4) at the sentencing hearing and incorporate them into the sentencing entry. *State v. Bonnell*, 2014-Ohio-3177, syllabus. However, the trial court is not required to state its reasons that support its findings and the court is not "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Id.* at ¶ 37. "Although a word-for-word recitation of the language of the statute is not required, a reviewing court must be able to discern that the trial court engaged in the correct analysis, and to determine that the record contains evidence to support the trial court's findings." *State v. Nelson*, 2022-

4.

Ohio-4308, ¶ 10 (6th Dist.), citing *Johnson* at ¶ 11-12, citing *Bonnell* at ¶ 29. If the trial court fails to make these findings, the sentence is contrary to law. *See Bonnell* at ¶ 36-37.

{¶ 11} In this case, the trial court imposed the separate 12 and 18-month sentences for Young's charges and then stated the following:

> The Court is going to also find pursuant to 2929.14(C)(4) that there are multiple offenses and that consecutive sentence is necessary to protect the public from future crime and to punish the offender, that the seriousness of the offender's conduct and that the consecutive sentences are not disproportionate to the seriousness of the offender's longtime conduct in several theft offenses, numerous theft offenses, and previous non-appearances, the danger he poses to the public and continued crime. And because of his criminal history and to protect the public, the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime from the offender. The Court is imposing those consecutively.

The trial court's sentencing entries provide:

> In reviewing the statute with the facts of the case the Court found that a consecutive prison sentence was necessary in this case to protect the public from future crime of the offender and to punish Defendant. Consecutive sentences in this case are not disproportionate to the seriousness of Defendant's conduct and the danger he presents to the public. Further, Defendant's criminal history shows that a consecutive term is necessary to protect the public from future crime by the defendant.

{¶ 12} Young argues that at the sentencing hearing, the trial court improperly relied on his past conduct when making its proportionality decision. He contends that under the Supreme Court of Ohio's recent decision in *State v. Glover*, 2024-Ohio-5195, ¶ 53, when a trial court considers whether consecutive sentences are "not disproportionate to the seriousness of the offender's conduct," it is strictly limited to consider only the conduct for which a defendant is being sentenced. *Id.* Therefore, when the trial court found that Young's consecutive sentences were not disproportionate to "the seriousness of

5.

the offender's *longtime conduct in several theft offenses, numerous theft offenses, and previous non-appearances*," (emphasis added.), it impermissibly relied on his previous conduct and exceeded the scope of R.C. 2929.14(C)(4). Young believes that had the court only considered his current offenses—a low grade theft offense and failure to appear—the outcome "might very well have been different."

{¶ 13} The State responds that (1) the trial court made the required determinations in its sentencing journal entry, and therefore, because "a trial court's judgment is expressed solely through its journalized entries, not through oral pronouncements, docket notations, or informal communications," "any lack of precision in the oral pronouncement does not undermine the validity of the sentence where the journalized entry properly sets forth the required statutory findings"; (2) even if this court were to consider the pronouncements from the sentencing hearing, the trial court does not have to engage in a "word-for-word recitation" of R.C. 2929.14(C) in order to comply with the statute; and (3) the trial court's reference to "longtime conduct in several theft offenses" and "numerous theft offenses" concerned the offenses at issue in this case. Therefore, the State argues that the trial court properly made and journalized the required findings under R.C. 2929.14(C)(4).

{¶ 14} In order to determine whether Young's sentence is contrary to law, we must examine whether the trial court made each of the findings required by R.C. 2929.14(C)(4). *Johnson*, 2023-Ohio-2008, at ¶ 31 (6th Dist.). First, neither party argues that the trial court's findings under the first and third requirements of R.C. 2929.14(C)(4) were improper—that consecutive sentences are "necessary to protect the public from

6.

future crime or to punish the offender," and that the "offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." Therefore, the only remaining question in this analysis is whether the trial court made the finding that the imposition of consecutive sentences is not "disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public."

{¶ 15} Under *Glover*, the Supreme Court found that R.C. 2929.14(C)(4)'s proportionality prong focuses on a defendant's *current* conduct, not their criminal history. *Glover*, 2024-Ohio-5195, at ¶ 53. The court explained that the "reference to the 'offender's conduct' is to the conduct for which the defendant is being sentenced." *Id*. It distinguished this from R.C. 2929.14(C)(4)(c), which looks at a defendant's criminal history, stating that to "make a defendant's criminal history a required part of the proportionality finding would render R.C. 2929.14(C)(4)(c) superfluous." *Id*.

{¶ 16} While *Glover* is a plurality opinion, meaning it does not carry precedential value, *see State ex rel. Elmore v. Franklin Cnty. Bd. of Elections*, 2025-Ohio-2585, ¶ 19 ("[a] plurality opinion does not constitute binding authority, but a court may rely on a plurality opinion if it finds the opinion to be persuasive."), this court has routinely applied it. *See e.g., State v. Sweet*, 2026-Ohio-1082, ¶ 11 (6th Dist.); *State v. Hammons*, 2024-Ohio-6128, ¶ 22 (6th Dist.); *State v. Anderson*, 2025-Ohio-5732, ¶ 26 (6th Dist.). Moreover, this court has specifically recognized *Glover*'s conclusion that a trial court's finding under the proportionality prong concerns only the conduct underlying the instant convictions. *See State v. Smith*, 2025-Ohio-1290, ¶ 14 (6th Dist.) (acknowledging that

7.

under *Glover*, a court's finding under the proportionality prong concerns the conduct underlying the instant convictions and the danger the offender poses to the public at the time of sentencing based on that conduct.) Accordingly, we agree with Young that the trial court was required to only consider his sentencing offenses—theft and failure to appear—when making its proportionality finding.

{¶ 17} Here, at the sentencing hearing, the trial court stated that the "consecutive sentences are not disproportionate to the seriousness of the offender's longtime conduct in several theft offenses, numerous theft offenses, and previous non-appearances." After reviewing the record of the sentencing hearing, we find that the trial court failed to make the required proportionality finding when it exclusively referenced Young's criminal history in its proportionality findings and failed to address the crimes that Young was being sentenced for.

{¶ 18} While we are mindful that the trial court need not give a "talismanic incantation" of the words of R.C. 2929.14(C)(4), *Bonnell*, 2014-Ohio-3177, at ¶ 37, the trial court is required to engage in the *correct* analysis. It did not do so here. Accordingly, we find that the trial court's failure to make all of the required findings for the imposition of consecutive sentences renders Young's sentence contrary to law. *Bonnell*, 2014-Ohio-3177, at ¶ 36-37.

{¶ 19} The State attempts to rectify the trial court's error by arguing that the court made the correct findings in its sentencing entry. It claims that a court speaks only through its judgment entries, not oral pronouncements, therefore the written judgment constitutes the official findings of the court and supplies the controlling basis for

8.

appellate review. *State v. Brooke*, 2007-Ohio-1533, ¶ 47. While the State is generally correct that courts speak through their judgment entries, it is mistaken in its application of that principle to this case. The law for consecutive sentences is clear—a "'trial court must make the requisite findings *both* at the sentencing hearing and in the sentencing entry.'" (Emphasis in original.) *Hammons*, 2024-Ohio-6128, at ¶ 26 (6th Dist.), quoting *Beasley*, 2018-Ohio-493, at ¶ 253, citing *Bonnell* at ¶ 37. Therefore, despite the trial court's clerical correction in the implementation of the sentence through its entry, its failure to make the required findings and engage in the correct analysis at the sentencing hearing is reversible error. *See State v. Petty*, 2017-Ohio-1062, ¶ 86 (10th Dist.) (finding that under *Bonnell*, a "trial court's inadvertent failure to make its findings in the sentencing entry is merely a clerical error that may be corrected by a nunc pro tunc entry. However, a 'nunc pro tunc entry cannot cure the failure to make the required findings at the time of imposing sentence.'").

{¶ 20} Having determined that the trial court failed to make the requisite findings under R.C. 2929.14(C), we must hold that the order of consecutive sentences is contrary to law. *Bonnell* at ¶ 36-37. Accordingly, we remand the matter to the trial court "'to consider whether consecutive sentences are appropriate, pursuant to R.C. 2929.14(C)(4), and, if so, to make the proper findings on the record at the sentencing hearing and incorporate those findings into its sentencing entry.'" *Petty* at ¶ 94 (citations omitted). Young's sole assignment of error is well-taken.

9.

### III. Conclusion

**{¶ 21}** Based on the foregoing, we find that the trial court's imposition of consecutive sentences is contrary to law, and therefore, we reverse the October 23, 2025 judgments of the Wood County Court of Common Pleas and remand this matter to that court for resentencing. The State is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.

Christine E. Mayle, J.
_____
JUDGE

Gene A. Zmuda, J.
_____
JUDGE

Charles E. Sulek, J.
CONCUR.
_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.